FILED

2017 May-31  AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM MATHEW HICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **7:16-cv-01507-LSC** |
| **TUSCALOOSA POLICE DEPARTMENT** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## REPORT OF PARTIES' PLANNING CONFERENCE

---

1. **Appearances:**  Pursuant to Fed. R. Civ. P. 26(f), a conference of the Parties' representatives was held on  May 30, 2017, among the following:

   a.  Appearing on behalf of the Plaintiff:  Patricia Gill; PATRICIA A. GILL, P.C.; P.O. Box 55304; Birmingham, AL 35255 and Julie L. Love, JULIE L. LOVE, P.C., 600 Lurleen B. Wallace Blvd. S, Suite 270 Courthouse Plaza, Tuscaloosa, Alabama  35401

   b.  Appearing on behalf of the Defendants: Chris McIlwain, HUBBARD, MCILWAIN & BRAKEFIELD, PO Box 2427, Tuscaloosa, AL 35403 and James Woodson, City Attorneys Office, PO Box 2089, Tuscaloosa, AL 35403.

2. **Position of the Plaintiff:**  Hicks was employed by the Tuscaloosa Police Department. His wife was also employed by the Tuscaloosa Police Department. She suffered pregnancy discrimination, FMLA retaliation and was constructively discharged from the force. Hicks testified in his wife's case. Prior to his deposition testimony he received no disciplinary actions. After his deposition,

Hicks applied for promotions for which he was denied. He had the most seniority and was qualified for the positions for which he applied. Hicks was specifically told he was not receiving the promotions because of his wife's case, and his testimony, and was told some people in the department did not know where his loyalty was.

Hicks was scheduled to be recertified for his firearm, however, he was out of FMLA leave. When Hicks returned he was not notified or contacted with a new date as other officers who had not testified in a discrimination lawsuit were upon their return from FMLA leave. Policies state it is the responsibility of training to schedule the recertification. Hicks went back on FMLA leave and he was simply placed on the schedule again. Again, Hicks was not contacted upon return.

Hicks applied for yet another position. When he applied the City changed the requirements. Hicks applied again, and at that time he was asked whether he had re-certified. Hicks asked if he should go qualify immediately and he was told no. Hicks was disciplined three times for said "offense" which wasn't really an offense. He was verbally warned, written up and sent for remedial training even though he passed the test twice.

Hicks prepared a grievance due to the fact he had been given three disciplines for one alleged offense, and he was written up for writing the grievance. He was denied due process for said grievance.

Hicks claims the Defendants are liable for the retaliation he suffered as a result of his wife's Pregnancy Discrimination and FMLA retaliation case. He also claims he has been retaliated against for taking his own FMLA.

He is claiming compensatory damages such as lost wages, benefits, and emotional distress, out of pocket expenses. He is claiming attorney fees and costs.

3. **Position of the Defendant:** The Plaintiff's contentions are baseless and frivolous.

4. **The following is the proposed schedule**:

   **Addition of Parties:**

    a.       Plaintiff shall have until **August 16, 2017**, to join any additional parties without leave of court.

    b.       Defendant shall have until **September 14, 2017**, to join any additional parties without leave of court.

5. **Amendment of Pleadings:**

    a.       Plaintiff shall have until **June 30, 2017**, to amend pleadings without leave of Court.

    b.       Defendant shall have until **July 30, 2017**, to amend pleadings without leave of Court.

6. **Discovery Limitations and Cutoffs:**

    a.  Pre-discovery disclosure:  The parties shall exchange the information required by Local Rule 26.1(a)(1) by **30 days from date of scheduling order.**

    b.  All discovery must be commenced in time to be completed by **January 15, 2018**.

    c.  Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case pursuant to the stated proportionality factors enumerated in Federal Rules of Civil Procedure 26(b)(1).

    d.  Unless modified by written and filed Stipulation of the

        Parties:

        i.       Depositions:

                Maximum of fifteen (15) depositions per party.  A deposition is limited to one (1) day with a maximum time limit of eight (8) hours of deposition time, excluding breaks and lunch.

        ii.      Interrogatories:

Each party is allowed a maximum of twenty-five (25) interrogatories to be directed to another party, with responses due within 30 days after service. Electronic service (via facsimile and/or email) of a party's discovery requests to another will suffice.

iii.    Requests for Admission:

Each party is allowed a maximum of twenty-five (25) requests for admission to be directed to another party, with responses due within 30 days after service. Electronic service (via facsimile and/or email) of a party's discovery requests to another will suffice.

iv.    Request for Production:

Each party is allowed a maximum of thirty (30) requests for production to be directed to another party, with responses due within 30 days after service. Electronic service (via facsimile and/or email) of a party's discovery requests to another will suffice.

v.    Protective Orders:

Any party who desires a Protective Order with regard to any documents shall file a motion seeking entry of any such proposed Order no later than five (5) days prior to the date prior for production of such document to the opposing party.

vi.    Supplementation:

Supplementation of disclosures under Rule 26(e), Fed. R. Civ. P., are due as required therein, but no later than thirty (30) days before the close of discovery.

**Expert Testimony:**

The disclosure of expert witnesses, including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert, are due:

a.   From the Plaintiff:        **September 1, 2017**

b.   From the Defendant:     **November 1, 2017**

## Class Certification Motions:

Not applicable.

## Dispositive Motions:

All potentially dispositive motions must be filed by **February 16, 2018.**

## Pre-Trial Conference:

The parties request a pretrial conference set within forty-five (45) days of the trial setting.

## Final Lists:

The deadlines for serving and filing lists of trial witnesses and exhibits under Rule 26(a)(3), Fed. R. Civ. P., or any objections thereto, shall be set in accordance with the pretrial order. Final lists of trial witnesses and exhibits under Rule 26(a)(3), Fed. R. Civ. P., must be served and filed:

a.   By the Plaintiff:        30 days prior to the trial date.

b.   By the Defendant:     30 days prior to the trial date.

Objections are to be filed within 10 days after receipt of final lists of trial witnesses and exhibits.

7. **Scheduling Conference:**

The parties do not request a scheduling conference prior to the entry of the Scheduling Order.

8. **Settlement/Mediation**:

   Settlement and the possibility for mediation cannot be evaluated until some discovery is completed.

9. **Electronic Discovery**:

   Disclosure or discovery of electronically stored information:

   Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:  When ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, the parties agree that reasonably accessible ESI may be produced in hard copy, .tif, .pdf, or other electronic format, at the option of the producing party.  If, however, a party identifies a specific concern about whether a particular item of ESI is authentic or has been altered, then the producing party, if possible, should produce that item of ESI in a form with related metadata, if any, unless the producing party obtains a protective order from the Court in which the Court relieves the producing party of this obligation.

   The parties agree to immediately take reasonable steps to ensure the preservation of all potentially relevant ESI, including on or in personal or home computers and accounts.

10. **Privilege**:

    The parties have agreed to resolve post-production claims of privilege or of protection as trial-preparation material as follows:

    If information is produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, then the party making the claim should notify any party that received the information of the claim and the basis for it.  After being notified, unless there has been an undue delay in the assertion of the claim, the receiving party will promptly return, sequester, or destroy the specified information and any copies thereof and is prohibited from using or disclosing the information. If there has been an undue delay in the assertion of the claim, then the receiving party may promptly present the information to the Court under seal for a determination of the claim.  In such a situation, the receiving party is prohibited from using or disclosing the

information unless determination of waiver is made by the Court. If a receiving party disclosed the information before being notified of the claim, it must take reasonable steps to retrieve the information and any copies thereof from anyone to whom the information was disclosed.

The parties agree that documents or other discovery materials that are produced and contain privileged information or attorney work product shall be immediately returned to the original sender if the documents or materials appear on their face to have been inadvertently produced. Furthermore, the production of any document or other discovery material by a party shall be without prejudice to any claim that the material is privileged or protected from discovery as work product under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and no party shall be held to have waived any rights of privilege or work product by such production.

11. **Consent to Electronic Signature.**

Counsel for the Defendant has given Patricia Gill permission to electronically sign their names on their behalf and file this document. The Defendant consents to its attorneys' electronic signatures being affixed to this filing.

ATTORNEY FOR PLAINTIFF:

Julie Love

JULIE L LOVE PC
P O Box 20577
Tuscaloosa, AL 35402
205-462-9998
205-633-4355 (fax)
julie@julielovelaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that on May ___, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.

ATTORNEYS FOR DEFENDANT:


James P. Woodson
Attorney Code: WOO043


Office of the City Attorney
P. O. Box 2089
Tuscaloosa, AL 35403
Telephone: (205) 349-5140
Attorneys for Defendant City of Tuscaloosa

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.

Christopher Lyle McIlwain, Sr. – MCI002

HUBBARD, McILWAIN & BRAKEFIELD, P.C.
808 Lurleen Wallace Blvd., N.
P. O. Box 2427
Tuscaloosa, AL  35403-2427
Telephone: (205) 345-6789
Attorney for Defendant City of Tuscaloosa

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.

Of Counsel