FILED
2018 Sep-07 PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW HICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **7:16-CV-1507-LSC** |
| | ) | **OPPOSED** |
| **CITY OF TUSCALOOSA, ET. AL.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL EVIDENTIARY SUBMISSION DOC. 60, DOC. 60-1, AND DOC. 60-2

The Plaintiff moves to strike the Defendant's Supplemental Evidentiary Submission Documents 60, 60-1, and 60-2. As grounds for said motion, the Plaintiff states the following:

1.      The Supplemental Exhibits were not timely filed on the deadline with the Defendant's motion for summary judgment. Document 7, pages 13-14 of this Honorable Court's Orders clearly indicate any motion for summary judgment, supporting brief and "**evidentiary materials will be due on or before that deadline".** (Doc. 7, p. 13-14 (emphasis added)).

2.      The Supplemental Exhibits are utilized to introduce new arguments or information relating to several successful applicants on reply such as Burroughs, Verhine, Hall, Bailey, Webster, Terry.  New arguments presented in reply briefs are generally not considered by federal courts. *See, e.g.,* Herring v. Secretary, Dep't of

<u>Corrections</u>,397 F.3d 1338, 1342 (11th Cir.2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court). The movant may serve a reply memorandum with affidavits, declarations, or other materials, provided that all such materials are **strictly limited to rebuttal** of matters raised in the opposing memorandum." *See also* <u>Morrison v. Quality Transps. Servs., Inc.</u>*,* 474 F.Supp.2d 1303, 1313–14 (S.D.Fla.2007)(emphasis added). Thus, reply affidavits and declarations may contain facts not previously mentioned in the opening brief, as long as the facts rebut elements of the opposition memorandum and **do not raise wholly new factual issues**. *See* <u>Burger</u> <u>King Corp. v. Ashland Equities, Inc.</u>*,* 217 F.Supp.2d 1266, 1280–81 (S.D.Fla.2002) (emphasis added). This newly submitted evidence includes many records of awards, APOSTC records, and evaluations that occurred ***after*** the selection processes related to this complaint. (See arguments in paragraphs 4, 6, 7, 8, 9, 10, 11 and 12 below). The Plaintiff made no argument in his response that such evidence relating to what happened ***after*** the selection process was somehow retroactively factored into the FTO selection which occurred on December 11, 2015, or the selection for CID which occurred on January 8, 2015. This evidence is new evidence and is supporting a new argument, thus cannot be considered rebuttal evidence.

Further, many records submitted are additional weapons testing records that have nothing to do with qualification or recertification for APOSTC. (See argument in paragraph 5 below). The Plaintiff made no argument that this additional weapons testing, which has nothing to do with APOSTC qualification or recertification, should have been considered for Mathew Hicks or any other applicant. In fact this other testing is not mentioned in the plaintiff's response brief whatsoever. To include this irrelevant testing is new evidence supporting a new argument, and thus cannot be considered rebuttal evidence.

Document 60-1, pages 8-44 include many records related to different officers' weapons testing and APOSTC testing where there is no argument made by the Plaintiff that those officers could not pass APOSTC. Specifically, the Plaintiff only argued Bailey, Webster and Nolan had issues with APOSTC. The records offered by the Defendant in its Supplemental Exhibits relate to other officers and their ability to pass APOSTC and are new evidence supporting new arguments and are not rebuttal whatsoever.

Next Terry's records are included in the supplemental exhibits in Document 60-2, pages41-44, 100-105. No argument is made about Officer Terry whatsoever by the Plaintiff. Nowhere in the Plaintiff's response brief is Terry even mentioned, thus this evidence is new evidence relating to new arguments and cannot be considered in rebuttal.

In effort to appear to present rebuttal, the Defendant argued "Tellingly, [the plaintiff] does not offer the annual evaluations of the applicants who received the assignments or their many awards" with regard to the CID position. Lamb and Akridge received the position. Their evaluations were attached as Plaintiff's Exhibits 32 and 33 to the Plaintiff's response brief.

Finally, several records were repeatedly requested through the course of discovery and were not produced by the Defendant despite these requests and now they suddenly appear in rebuttal. (See paragraph 3 below).

3.     Documents 60-1, pages 2, 3, 4, 5, 6, which include Webster's 2005 APOSTC handwritten record, Document 60-2, pages 24-27 which includes Burrough's 2014 performance appraisal and a suspect appraisal of 2014-2015 which is signed an entire year later on in January 2016 Document 60-2, pages 61-62 which included Smith's 2014 performance appraisal, were never produced to the Plaintiff during the course of discovery pursuant to this Honorable Court's scheduling order even though Plaintiff's counsel repeatedly requested this documentation from Defense counsel.  (See Correspondence between Plaintiff and Defendant's counsel attached as Exhibit A; Paragraph 64 of Plaintiff's Response to Summary Judgment). The Discovery deadline was May 31, 2018. (Doc. 31).  Clearly, this is an attempt from the Defendant's attorney to submit evidence not produced in the course of discovery.  The Plaintiff has no recourse as he cannot re-depose all the necessary

witnesses about the specific circumstances of said documents and the suspect nature

of the documents stemming from the fact they were never produced to the Plaintiff

when requested and should be maintained in their files. All of the records contain

hearsay and the Plaintiff has had no opportunity to depose witnesses to determine

their authenticity.

4.      Document 60-1, page 7 is Tim Bailey's APOSTC certification on April

21, 2016, which is four months *after* the last selection subject to this lawsuit which

took place December 11, 2015, which means the selection board could not have

considered these documents during the selection process, rendering the document

irrelevant, not probative, and prejudicial. Fed. R. Evid. 402, 403.

5.      Document 60-1, pages 8, 11, 12, 15, 17, 20, 21, 24, 26, 29, 31, 35, 36,

37, 40, 42, 43, are not APOSTC recertification records, they are low-light testing

records and other testing which have nothing to do with APOSTC qualification and

are irrelevant, not probative, and prejudicial. Fed. R. Evid. 402, 403.

6.      Document 60-2, pages 26-27 purports to be an appraisal of Burroughs.

While the appraisal period is February 1, 2014 to February 1, 2015, it is not signed

until January 20, 2016, which is a month and a half *after* the last selection process

subject to this lawsuit which took place December 11, 2015, which means the

selection board could not have considered these documents during the selection

process, rendering these documents irrelevant, not probative, and prejudicial. Fed.

R. Evid. 402, 403. It is also possible the Defendant intentionally or accidentally left out the second page of the 2015 evaluation and the first page of the 2016 evaluation. If so, it is not a complete copy of either evaluation, not probative, and not relevant. Fed. R. Evid. 402, 403.

7.      Document 60-2, pages 70, 73, 74, 137, 140-141, are each documents relating to Tim Bailey receiving an Officer Award in February, 2017, over two years *after* the last selection made the basis of this lawsuit which took place December 11, 2015, which means the selection board could not have considered these documents during the selection process, rendering these documents irrelevant, not probative, and prejudicial. Fed. R. Evid. 402, 403.

8.      Document 60-2, pages 95-96 relate to an Award received by Mason on August 1, 2016 which was eight months *after* the last selection made the basis of this lawsuit which took place December 11, 2015, which means the selection board could not have considered these documents during the selection process, rendering these documents irrelevant, not probative, and prejudicial. Fed. R. Evid. 402, 403.

9.      Document 60-2, pages 102-103 relate to an award received by Terry which was given to him on May 25, 2017 which was one year and five months *after* the last selection made the basis of this lawsuit which took place December 11, 2015, which means the selection board could not have considered these documents during

the selection process, rendering these documents irrelevant, not probative, and prejudicial. Fed. R. Evid. 402, 403.

10.     Document 60-2, pages 113-115 relate to an award received by Verhine which was given to him on August 1, 2016, which is eight months *after* the last selection made the basis of this lawsuit which took place December 11, 2015, which means the selection board could not have considered these documents during the selection process, rendering these documents irrelevant, not probative, and prejudicial. Fed. R. Evid. 402, 403.

11.     Document 60-2, pages 124-126 relate to an award received by Webster which was given to him on September 14, 2017, almost two years *after* the last selection made the basis of this lawsuit which took place December 11, 2015, which means the selection board could not have considered these documents during the selection process, rendering these documents irrelevant, not probative, and prejudicial. Fed. R. Evid. 402, 403.

12.     Document 60-2, pages 130-131 relate to an award (which is unsigned) received by Hall given to him in December, 2016, a year *after* the last selection made the basis of this lawsuit which took place December 11, 2015, which means the selection board could not have considered these documents during the selection process, rendering these documents irrelevant, not probative, and prejudicial. Fed. R. Evid. 402, 403.

13.    The undersigned counsel of record contacted the Defense counsel who stated they do object to this motion.

Wherefore, based on the foregoing, the Defendant's evidentiary submission and supporting documents must be stricken in its entirety from the record as they contain new evidence supporting new arguments, are not rebuttal, were not produced in the course of discovery, and are irrelevant, not probative and prejudicial.

Respectfully Submitted,


/s/ Patricia A. Gill


OF COUNSEL:
PATRICIA A. GILL, P.C.
PO BOX 55304
BIRMINGHAM, AL 35255
(205) 789-1906
patriciagill@yahoo.com


/s/ Julie L. Love


OF COUNSEL:
Love, Love and Love, P.C..
PO BOX 20577
TUSCALOOSA, AL 35402
(205) 462-9998
julie@julielovelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Evidentiary Submission in Opposition to Summary Judgment has been served on the following by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system on this the 7th, day of September, 2018:

Chris McIlwain                                  James Woodson
HUBBARD, MCILWAIN & BRAKEFIELD          PO Box 2089
PO Box 2427                                     Tuscaloosa, AL 35403
Tuscaloosa, AL 35403

                                        /s/Patricia A. Gill
                                        OF COUNSEL