## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MATTHEW HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 7:16-cv-01507-LSC |
| | ) | |
| CITY OF TUSCALOOSA, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF OPINION AND ORDER

This Court has before it Defendant, City of Tuscaloosa ("Defendant's"), Limited Motions to Reconsider (docs. 70 & 71) and Plaintiff, William Matthew Hicks ("Hicks's"), Limited Motion to Alter, Amend or Vacate Pursuant to Rule 59 of the Federal Rules of Civil Procedure (doc. 74).[1] On January 8, 2019, this Court granted in part and denied in part Defendant's motion for summary judgment. (Doc. 68.) For the reasons discussed below, the Court DENIES Defendant and Plaintiff's motions (docs. 70, 71, & 74).

### I.    Background

The initial background of this case has been presented in previous Memoranda of Opinion and Orders. (*See* Docs. 23 & 68.) Both parties assert that the Court made manifest errors of law and fact in its Opinion on summary

---

[1]    The Court incorporates the facts and standard for summary judgment as set forth in its January 8, 2019 Memorandum of Opinion.

judgment (doc. 68). Defendant's motion is directed towards the Court's conclusion that there was sufficient evidence to establish a *prima facie* case of retaliation in regard to the 2015 FTO decision. Plaintiff's motion challenges the Court's conclusion that Plaintiff failed to show pretext because he did not produce sufficient evidence that the 2015 CID board harbored retaliatory animus.

## II.    Discussion

Motions for reconsideration are not specifically authorized under the Federal Rules of Civil Procedure, although they are commonly used in practice. *See Shuler v. Duke*, No. 2:16-cv-00501-RDP, 2016 WL 9650978, *1 (N.D. Ala. 2016); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Grounds for a motion to reconsider include manifest errors of law or fact. *See In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). The denial of a motion to reconsider will not be overturned absent abuse of discretion. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

### A. Plaintiff's Motion

Plaintiff argues that this Court made a manifest error in law in applying *Mason v. Village of El Portal*, 240 F.3d 1337, 1339 (11th Cir. 2001), and *Conner v. Lafarge North America Inc.,* 343 F. App'x 537, 544 (11th Cir. 2009). (Doc. 74.) The Court's decision is in line with the holdings of both cases requiring a majority of

members of a board to have animus in that an individual's animus may not be imputed to all board members. Although Plaintiff seeks to reiterate the arguments he presented in his opposition to summary judgment, the Court has already addressed the issue of imputing the possible animus of Lt. Richardson and Sgt. Sanders to the board. (*See* Doc. 68 at 21–22.) Plaintiff's conclusion that he has shown that a majority of the decision-makers held animus remains unwarranted based on the evidentiary record submitted to the Court. Additionally, Plaintiff's reliance on *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Com'n*, 138 S. Ct. 1719, 1729 (2018), in support of his motion to reconsider, is misplaced as the facts and legal claims in *Masterpiece Cakeshop* are distinguishable. Accordingly, Plaintiff's Motion to Alter, Amend or Vacate Pursuant to Rule 59 of the Federal Rules of Civil Procedure (doc. 74) is DENIED.

### B. Defendant's Motion

Defendant argues that this Court made manifest errors of law and fact when it concluded that Plaintiff adduced sufficient evidence to establish his *prima facie* case of retaliation. Defendant attacks the Court's conclusion that the FTO decision could constitute a material adverse action and that Hicks had created a question of fact on causation. Both of Defendant's arguments fail.

To the extent Defendant now seeks to argue that the FTO decision was not a materially adverse action, the Court notes that Defendant chose not to fully brief the Court and litigate the issue of material adversity in its initial briefing. Defendant's only argument that the 2015 FTO decision was not materially adverse came in the form of quotation marks around the word "promotion" and its general assertion that Hicks's claim was "much ado about nothing." The Court specifically noted Defendant's lack of legal argument in its January 8, 2019 Memorandum of Opinion and Order. (*See* Doc. 68 at 15 n.10, 32 n. 5.)[2]

Defendant's assertion that it initially provided this Court with legal argument on this issue is unavailing. Defendant in both its initial briefing and motion to alter judgment has merely pointed to Hicks's deposition testimony that

---

[2]     The Court made the following observations in its January 8, 2019 Memorandum of Opinion and Order:

> Defendant concedes that Plaintiff engaged in protected activity when he gave deposition testimony in Stephanie's trial and seemingly concedes that the failure to promote Hicks to a CID or FTO position was an adverse action because it involved an increase in wages. To the extent Defendant asserts that the CID or FTO positions were not promotions through the use of quotation marks around the word promotion, the Court finds that Defendant's argument is not convincing.
> . . .
>
> Defendant also does not offer legal argument concerning whether these actions were materially adverse other than his use of quotation marks around the words "retaliation" and "retaliatory" when referring to the acts Hicks alleges were taken against him.

(Doc. 68 at 15 n. 10, 32 n. 25.)

Hicks did not think he would have moved shifts if he was offered an FTO position on another shift. (*See* Doc. 43-1 at 14 "Material, Undisputed Facts")( "At the time the Plaintiff was on the day shift, and in his application for an FTO assignment he declared that he was unwilling to change to a different shift is he received an assignment."); (Doc. 59 at 12) ("The Plaintiff's arguments regarding the FTO assignments on January 6, 2016, are even more spurious. For starters, he admits that he would not have accepted this assignment even if it had been offered. Specifically, in his application as well as his deposition in this case, he declared he was always unwilling to move from day shift to the evening or midnight shifts, where the only FTO openings were, (Doc. 43-1, p. 14, para. 59), proving that his FTO claim is truly much ado about nothing.").

Defendant's argument, in this regard, is missing a very key aspect: legal authority or any form of citation thereto. "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments . . . ." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (quotations and citations omitted); *see Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1264 (11th Cir. 2001) (Appellant "cannot readily complain about the entry of a summary judgment order that did not consider an

argument [he] chose not to develop for the district court at the time of the summary judgment motions."); *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (Appellant did not properly preserve issue where "brief contains only four passing references to the [issue allegedly raised], each of which is embedded under different topical headings."); *Lane v. Broward Cty Fla.,* 411 F. App'x 272, 274 n.2 (11th Cir. 2011) ("While Lane stated in her Response to Statement of Material Facts Contained in Defendant Broward County's Motion for Summary Judgment that 'the position may have eventually been downgraded' and that several interviews took place later, these assertions can hardly be construed as an argument to the district court that the reclassification was pretextual."). Therefore, Defendant's quest to manufacture error on behalf of the Court when it was Defendant that did not to fully brief the Court on this issue at summary judgment is unavailing.

Defendant also argues that the Court erred because "Plaintiff never established a causal link between the alleged protected activity and the alleged adverse employment action." (Doc. 71 at 3.) In initial briefing, Defendant contested Plaintiff's ability to establish a causal connection due to a lack of temporal proximity only. In its motion to reconsider, Defendant attempts to revive this argument by borrowing a sentence from *Tolbert v. Mercedes-Benz*. (*Id.*); *see* No.

7:17-cv-00873-LSC, 2018 WL 6046196 at * 6–7 (N.D. Ala. Nov. 19, 2018) ("This temporal gap between the activities is too great for this Court to find a causal link."). Defendant's attempt to rehash this prior argument is unavailing.

Defendant then argues that Plaintiff has not produced evidence indicating that the FTO board had knowledge of Plaintiff's deposition testimony. However, this is not a case "where there is unrebutted evidence that the decision maker did not have knowledge that the employee engaged in protected conduct." *Brungart v. BellSouth Telecomms., Inc.*, 231 F. 3d 791, 799 (11th Cir. 2000). As stated in this Court's Memorandum of Opinion, Plaintiff has presented evidence from which a reasonable jury could conclude that there was knowledge of his protected activity. (Doc. 68 at 21.) If Defendant had presented evidence indicating that the FTO Board members were unaware of Hicks's protected activity, this might have been a different case.

While Defendant's initial and reply briefs failed to address Plaintiff's argument in regard to additional evidence to bridge the temporal gap between any protected activity and the 2015 FTO decision, Defendant now seeks to provide this Court with legal argument as to the alleged sufficiency of Plaintiff's evidence in this

regard.[3] In doing so, Defendant reiterates arguments that this Court has already rejected and provides this Court with citations to cases that it did not cite to in its initial or reply briefs. Defendant's challenges to the real motivation behind the FTO Board's decision, as indicated in the court's Memorandum of Opinion, is one for the jury and one that properly fits into the Court's pretext—and not causation— analysis. Defendant's argument that Plaintiff cannot show causation because he has not established that an FTO Board member specifically was involved in other instances of antagonism is unavailing.

## III. Conclusion

For the reasons stated above, Defendant's Motions to Reconsider (docs. 70 & 71) and Plaintiff's Motion to Reconsider (doc. 74) are DENIED.

**DONE** and **ORDERED** on April 15, 2019.

_____
L. Scott Coogler
United States District Judge

195126

---

[3] To the extent Defendant claims that "Plaintiff [also] did not develop the pattern argument in his briefs," the Court notes that Plaintiff provided this Court with citations to cases suggesting that the temporal gap could be filled by additional actions. (Doc. 73 at 2 n.2.)